1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4

5 NATHANIEL MORRIS                          )
                                            )        3:06-CV-0718-BES (VPC)
6           Plaintiff,                       )
                                            )
7    vs.                                     )        **REPORT AND RECOMMENDATION**
                                            )        **OF U.S. MAGISTRATE JUDGE**
8 DR. STEVEN MacARTHUR,                     )
                                            )
9           Defendant.                       )        July 2, 2007
   _____ )

10

11          This Report and Recommendation is made to the Honorable Brian E. Sandoval, United

12 States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to

13 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendant's motion to dismiss (#7).

14

15 Plaintiff opposed (#10) and defendant replied (#11).  The court has thoroughly reviewed the

16 record and the motions and recommends that defendant's motion to dismiss (#7) be denied.

17                          **I.  HISTORY & PROCEDURAL BACKGROUND**

18          Plaintiff Nathaniel Morris ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely

19 State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#4).

20

21 Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth

22 Amendment right against cruel and unusual punishment.  *Id*.  Plaintiff names as defendant Steven

23 MacArthur, former ESP Medical Director ("defendant").  *Id*.

24          In count I, plaintiff alleges that in May 2004, he contracted an infection on his lower back

25 area.  *Id*.  Plaintiff further alleges that at some point, defendant examined him and diagnosed the

26 infection as a spider-bite.  *Id*.  Over time, the infection allegedly worsened and caused plaintiff

27 "tremendous pain."  *Id*.  Plaintiff contends that he suspected that his wounds were not the result

28 of a spider-bite, but instead were caused by a staph infection, which a number of other prisoners

had also contracted. *Id*. Plaintiff alleges that he submitted numerous medical kites and also requested that defendant "culture" his wounds to determine the type of infection, but that defendant refused. *Id*. Plaintiff also alleges that he asked for medication to treat a staph infection, but that the defendant "became irate, spoke rudely... and refused to prescribe the [staph infection] medication." *Id*. Defendant eventually prescribed some medication in February 2005, but it allegedly did not eradicate the infection. *Id*. Other prisoners with similar symptoms were allegedly given a different combination of medication, which eliminated their symptoms; however, plaintiff was not given this medication combination. *Id*. Finally, plaintiff alleges that this type of staph infection is a "potentially fatal disease that can cause death in as little as three days to three weeks if it gets into the blood stream." *Id*.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (*quoting Branch v. Tunnell*,

2

1   14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa*

2   *Clara*, 307 F.3d 1119 (9th Cir. 2002)).  However, Rule 12 provides that

3
4   > If, on a motion asserting the defense numbered (6) to dismiss for
    > failure of the pleading to state a claim upon which relief can be
5   > granted, matters outside the pleading are presented to and not
    > excluded by the court, the motion shall be treated as one for
6   > summary judgment and disposed of as provided in Rule 56, and all
    > parties shall be given reasonable opportunity to present all material
7   > made pertinent to such a motion by Rule 56.

8   Fed.R.Civ.P. 12(b)(6).  Notwithstanding this rule, "a motion to dismiss is not automatically

9   converted into a motion for summary judgment whenever matters outside the pleadings happen

10  to be filed with the court." *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582 (9th

11  Cir. 1983).  A motion filed with extraneous materials is to be treated as a motion for summary

12  judgment only if the court relies on the material. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44

13
14  (9th Cir. 2003).  Conversion to summary judgment is at the discretion of the court and the court

15  must take some affirmative action before conversion is effected. *Id*. at 1144.

16
17              **2. Deliberate Indifference and Serious Medical Need**

18          In *Farmer v. Brennan*, 511 U.S. 825 (1994) the Supreme Court stated that "[a] prison

19  official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the

20  Eighth Amendment." *Farmer*, 511 U.S. at 828.  To establish an Eighth Amendment violation,

21  a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to

22  amount to cruel and unusual punishment, and a subjective standard – deliberate indifference. *See*

23  *Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991); *see also Farmer*, 511 U.S. at 834.

24          The objective standard, a "serious medical need," is met if the failure to treat a prisoner's

25  condition could result in further significant injury or the "unnecessary and wanton infliction of

26
27  pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Ninth Circuit's examples of serious

28

medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations omitted).

The subjective standard of deliberate indifference requires "'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835, *quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. It is the equivalent of recklessly disregarding a substantial risk of serious harm to the inmate. *Id.* Prison medical staff do not violate the Eighth Amendment simply because their opinion concerning medical treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**B. Analysis**

Initially, the court addresses whether it should convert defendant's motion to dismiss to a motion for summary judgment. Plaintiff argues that the majority of defendant's arguments and evidence are based on information contained in plaintiff's medical records, which plaintiff has not yet reviewed despite a December 13, 2006 request (#10, p. 6). A review of defendant's submitted affidavits reveals that they are, in large part, based on information in plaintiff's medical records (#8; #11, Exhibits A and B). Defendant submits the affidavit of Karen Walsh, NDOC Health Information Director, who states that plaintiff reviewed his medical records on March 5, 2007 (#11, Exhibit B, ¶ 14). Although plaintiff filed his opposition on March 9, 2007, his motion is dated March 3, 2007 (#10). Plaintiff's certificate of service is dated March 6, 2007. *Id*. Based on these dates, the court concludes it is likely that plaintiff did not have an opportunity to review

his medical records in time to include the information in his opposition prior to its filing.  As such, the court does not rely on defendant's evidence pertaining to plaintiff's medical records. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003) ( Conversion to summary judgment is at the discretion of the court and a motion filed with extraneous materials is to be treated as a motion for summary judgment only if the court relies on the material).  The court declines to convert defendant's motion as a motion to dismiss to a motion for summary judgment.[1]

The court concludes that plaintiff has properly stated an Eighth Amendment claim. Viewing plaintiff's allegations as true, which the court must on a motion to dismiss, plaintiff had a potentially fatal medical condition, which defendant failed to test for or treat for a period at least five months, during a staph infection outbreak at ESP.  Thus, plaintiff has sufficiently alleged that he had a serious medical condition to which defendant was deliberately indifferent.

Defendant contends he is entitled to qualified immunity (#7, p. 5).  Qualified immunity protects state officials, sued in their individual capacities, from payment of civil damages unless the conduct complained of violates a clearly established constitutional or statutory right of which a reasonable person would have been aware.  *See Jackson v. City of Bermerton*, 268 F.3d 646, 650 (9th Cir. 2001).  Determining whether a defendant is entitled to qualified immunity involves a sequential, three-step analysis: (1) viewing the facts in the light most favorable to the plaintiff whether there was a constitutional violation; (2) whether the constitutional right was well-

---

[1] Defendant did not submit plaintiff's relevant medical records with his motion.  Pursuant to NDOC regulations, prisoners may not possess medical records in their cell; thus, had defendant attached plaintiff's medical records to his motion, plaintiff would have received a copy and would have been in violation of NDOC regulations.  Defendant's counsel has offered to submit plaintiff's medical records should the court wish to review them (#7, n. 1).  The court notes that proper resolution of Eighth Amendment denial of medical care claims will almost always require review of a prisoner's actual medical records.  In the future, these records should be submitted to the court for *in camera* review.

established; and (3) whether it was unreasonable for the official to believe his actions constitutional. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). At the motion to dismiss stage, the court assumes there has been a constitutional violation for the purposes of the analysis. A prisoner's right to adequate medical treatment is clearly-established. *Farmer v. Brennan*, 511 U.S. 825 (1994). Thus, the dispositive question is whether defendant was unreasonable to believe his actions constitutional. If plaintiff's allegations are true, defendant ignored plaintiff's potentially fatal symptoms and refused to treat him for a long period of time. This is unreasonable in light of clearly established law. Defendant is not entitled to qualified immunity at this juncture. The court denies defendant's motion to dismiss.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has properly stated a claim for a violation of his Eighth Amendment right to be free from cruel and unusual punishment and that defendant is not entitled to qualified immunity. As such, the court recommends that defendants' motion to dismiss (#7) be **DENIED**. The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#7) be **DENIED**.

**DATED:** July 2, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**