UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATHANIEL MORRIS, | ) | 3:06-CV-0718-BES-VPC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| DR. STEVEN MACARTHUR, | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion to Dismiss (#7). Plaintiff opposed (#10) and Defendant replied (#11). This action was referred to the Magistrate Cooke pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The Magistrate Judge submitted her Report and Recommendation (#13) on June 29, 2007, recommending that this Court deny Defendant's Motion to Dismiss (#7). Defendant has filed an Objection to the Recommendation (#14) and Plaintiff has filed a Response (#15).

**I. ANALYSIS**

**A.     Review of Magistrate Judge's Order**

Any party may object to a magistrate judge's case dispositive proposed order, findings, or recommendations.  28 U.S.C. § 636(b)(1)(B);  Fed.R.Civ.P. 72(b);  LR 74.2. The district court must make a *de novo* determination of those portions of the magistrate judge's report to which objection is made and may accept, reject, or modify, in whole or in part, the findings

1

or recommendations made by the magistrate judge. Id.  De novo review means the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). Thus, although the district court need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which objections are made. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

In his objection, Defendant argues that the Magistrate Judge erred by not treating his Motion to Dismiss (#7) as a motion for summary judgment.  Defendant also disputes the Magistrate Judge's following conclusions: (1) that Plaintiff has properly stated a claim for a violation of his Eighth Amendment right to be free from cruel and unusual punishment and (2) that Defendant is not entitled to qualified immunity.  After conducting an independent review of the record, the Court concludes that the Defendant's objections are without merit and accordingly adopts the Magistrate Judge's recommendation to deny the Motion to Dismiss (#7).

**B.    Motion to Dismiss Should Not be Converted Into a Summary Judgment Motion**

Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  The Court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also construe the allegations of the complaint in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).  Accordingly, the Court may only grant a motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).  In addition, the Court must construe *pro se* pleadings liberally on a defendant's motion to dismiss for failure to state a claim. Ortez v. Washington County, Oregon, 88 F.3d 804, 807 (9th Cir. 1996).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, Rule 12 provides that if matters outside the pleading are presented to the court on a motion to dismiss for failure to state a claim upon which relief may be granted, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed.R.Civ.P. 12(b)(6). Notwithstanding this rule, conversion to summary judgment is at the discretion of the court and the court must take some affirmative action before conversion is effected. Swedberg v. Marotzke, 339 F.3d 1139, 1144 (9th Cir. 2003). A motion filed with extraneous materials is to be treated as a motion for summary judgment only if the court relies on the material. Id. at 1143-44.

The Court agrees with the Magistrate Judge's decision to decline to convert Defendant's Motion to Dismiss into a motion for summary judgment. The parties have submitted affidavits with their pleadings. However, the record does not contain any of Plaintiff's actual medical records, which would be helpful, if not required, to resolve the material issues of facts that appear to exist in this case. Accordingly, in ruling upon Defendant's motion, the Court has not relied upon any material beyond the pleadings.

**C.    Plaintiff Has Properly Stated an Eighth Amendment Claim**

Plaintiff claims that Defendant was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. To state a claim for deliberate indifference to an inmate's serious medical needs, an inmate must allege that prison officials were aware of the inmate's condition but acted to "deny, delay, or intentionally interfere with medical treatment." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff alleges that he contracted an infection in May of 2004 that Defendant diagnosed as a spider bite. Plaintiff also alleges that he asked for medication to treat a staph infection, but Defendant "became irate, spoke rudely" and refused to prescribe the medication. According to Plaintiff, despite his continued complaints of pain, Defendant denied Plaintiff's request for medication and reconsideration of the initial diagnosis until February of 2005, when some medication was prescribed.

The fact that Plaintiff appears *pro se* in this case cannot be overlooked.  Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Accordingly, "[i]n civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  Id. (quoting Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988)).  In light of the lenient standard applied to a *pro se* inmate's complaint, and accepting Plaintiff's allegations as true, the Court agrees with the Magistrate Judge's conclusion that Plaintiff sufficiently alleged facts that state an Eighth Amendment claim.  At the pleading stage, Plaintiff's allegations state a claim of deliberate indifference on the part of Defendant.  See Jackson v. McIntosh*,* 90 F.3d 330, 332 (9th Cir.1996) (a prisoner can establish deliberate indifference by showing that a delay in treatment was "medically unacceptable");  see also Hunt v. Dental Dep't*,* 865 F.2d 198, 201 (9th Cir.1989) (finding a three-month delay of treatment, which caused pain to prisoner, to state a claim of deliberate indifference).

**D.    Defendant is Not Entitled to Qualified Immunity at this Stage of the Case**

Qualified immunity protects government officials from suits seeking civil damages.  In other words, "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"  Saucier v. Katz*,* 533 U.S. 194, 200 (2001) (citation omitted).  It provides " 'an immunity from suit rather than a mere defense to liability ....'"  Id. at 200.

Two questions determine whether a government official is entitled to qualified immunity. First, the Court must determine whether " '[t]aken in the light most favorable to the party asserting the injury ... the facts alleged show the officer's conduct violated a constitutional right.'" Clement v. Gomez*,* 298 F.3d 898, 903 (9th Cir. 2002) (quoting Saucier*,* 533 U.S. at 201).  If the answer is "no," the inquiry ends.  Saucier*,* 533 U.S. at 201.  As discussed above, because Defendant has chosen to move under Rule 12(b)(6), the Court must accept as true the facts as alleged in the complaint.  Because the facts alleged in the complaint are sufficient to show that Defendant's conduct violated a constitutional right, the court must next determine "whether the right was clearly established" and whether a reasonable officer could have

believed that the particular conduct at issue was lawful. Butler v. Elle, 281 F.3d 1014, 1020 (9th Cir. 2002).

The general law regarding the medical treatment of prisoners was clearly established at the time of Defendants' alleged conduct. See Clement, 298 F.3d at 906. Furthermore, it was also clearly established that Defendant could not intentionally deny or delay access to medical care. Id. (citing Estelle, 429 U.S. at 104-05). While a resolution of the factual issues may well relieve Defendant of any liability in this case, if the Plaintiff's version of the facts were to prevail at trial, a jury might conclude that Defendant was deliberately indifferent to such needs. Under the circumstances of this case, Defendant's actions are not protected by qualified immunity at this stage of the proceedings.

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Objection to U.S. Magistrate Judge's Report and Recommendation (#14) is DENIED and the Report and Recommendation (#13) entered by the Magistrate Judge on June 29, 2007 is ADOPTED.

DATED: This 19th day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE